UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| CAREY MILLS, | Case No. 4:10-cv-00033-RRB |
| Plaintiff | |
| vs. | **ORDER REGARDING** |
| SCOTT WOOD; DOYON LIMITED; and HUNGWITCHIN CORPORATION, | **MOTIONS AT DOCKETS 201, 205** |
| Defendants. | |

## I. PENDING MOTIONS

At **Docket 201** Defendant Doyon Limited has moved for an order clarifying the issues remaining on remand. Both Scott Wood and Hungwitchin Corporation have joined in the motion.[1] Plaintiff Carey Wood has opposed the motion[2] and the moving parties have replied.[3]

At **Docket 205** Plaintiff has moved for leave to file an amended complaint. Doyon and Hungwitchin have opposed the motion[4] and Plaintiff has replied.[5]

Both motions have been fully briefed. No party has requested oral argument and this Court has determined that oral argument would not materially assist the Court in deciding

---

[1] Dockets 202 (Hungwitchin); 203 (Wood).
[2] Docket 204.
[3] Dockets 206 (Doyon); 207 (Hungwitchin).
[4] Dockets 212 (Doyon); 213 (Hungwitchin).
[5] Docket 215.

ORDER REGARDING MOTIONS AT DOCKETS 201, 205 – 1
*Mills v. Wood*, 4:10-cv-00033-RRB

the issues presented. Accordingly, the matters are submitted for decision on the moving and opposing papers.

## II. BACKGROUND/ISSUES PRESENTED

This Court dismissed this action without leave to amend. On appeal, in a published decision, the Ninth Circuit affirmed in part, reversed in part, and remanded for proceedings consistent with its decision.[6]

In its motion, Doyon seeks a determination by the Court that the only remaining issue before this Court is whether or not Mills has a private right of access based upon a theory of an easement by necessity or implication over the property of the Defendants. At the time Doyon filed its motion, the Third Amended Complaint set forth five separate claims: (1) judicial recognition of an R.S. 2477 right-of-way over the entire Fortymile Station–Eagle Trail; (2) an easement by implication or necessity to access his mining claims; (3) a right-of-way over the mining claim held by Wood; (4) invalidation of Wood's mining claim; and (5) damages.

Subsequently, Plaintiff filed his motion for leave to file an Amended Complaint in which he asserts two causes of action: (1) a declaratory determination the Fortymile Station-Eagle Trail is subject to a valid R.S. 2477 right-of-way; and (2) for compensatory and punitive damages resulting from the denial of access to his mining claims along the Fortymile Trail.

---

[6] *Mills v. United States*, 742 F.3d 400 (9th Cir. 2014).

As relevant to the motions before the court, the Ninth Circuit held:

> Accordingly, we conclude that the flexible prudential standing doctrine does not bar a legal action by landowners asserting an interest in accessing their own property over an alleged R.S. 2477 route.
>
> Here, Mills brings precisely that sort of claim: he seeks a declaration that he may use a right-of-way over private property to access his own property interests. If successful, Mills's suit would prevent Doyon, Hungwitchin and Wood from barring Mills's access or suing him for trespass, but would not be binding on the federal government. Nor would it place additional burdens on Alaska, as Doyon argues. Alaska has already stated in a statute that it "claims, occupies, and possesses" the R.S. 2477 right-of-way in the Fortymile Trail, Alaska Stat. § 19.30.400(a), (d), and Doyon does not explain why Alaska would have any additional maintenance obligations if Mills succeeded on the merits of his action.
>
> Because Mills asserts his own right to use the Fortymile Trail to access his state mining claims, his action may not be dismissed on prudential standing grounds. Accordingly, we need not consider Mills's claim that he could assert the rights of Alaska to the Fortymile Trail either as a member of the public or as a private attorney general. We therefore reverse the district court's dismissal of Mills's claims against Woods, Doyon, and Hungwitchin, and remand for proceedings consistent with this opinion.[7]

## III. DISCUSSION

At the outset this Court must determine the extent to which the law of the case or the rule of mandate preclude this Court from determining Plaintiff's claims.

> The law of the case doctrine, a judicial invention, aims to promote the efficient operation of the courts. It generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case. The issue in question must have been decided explicitly or by necessary implication in the previous disposition. Application of the doctrine is discretionary. We therefore review the district court's decision for abuse of discretion.
>
> The rule of mandate is similar to, but broader than, the law of the case doctrine. A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. At the same time, the rule of mandate allows a lower court to decide

---

[7] *Id.*, 742 F.3d at 408.

anything not foreclosed by the mandate. A district court is limited by our remand when the scope of the remand is clear. Violation of the rule of mandate is a jurisdictional error.[8]

The Court disagrees with Doyon that the decision of the Ninth Circuit has removed the issue of the existence of an R.S. 2477 trail over the Fortymile Station–Eagle Trail from consideration in this case. Indeed, the very heart of the Ninth Circuit's decision, by which this Court is bound, is that Plaintiff *may* assert his *individual rights* to the use of the R.S. 2477 Fortymile Station–Eagle Trail to the extent it crosses the Defendants' surface estates. Of course, in order for Plaintiff to have any rights to use it, an R.S. 2477 right-of-way over the Fortymile Station–Eagle Trail must exist. Therefore, as a threshold issue Plaintiff must establish the existence of the trail.

The Court also rejects the argument that Plaintiff's R.S. 2477 claim is foreclosed by the fact that the surface estates held by the Defendants does not encompass the entire length of the Fortymile Station–Eagle Trail. It does not appear from the record that any other private party holds an interest in the surface estate traversed by the Fortymile Station–Eagle Trail. As noted by the Ninth Circuit, the United States does not expressly dispute the existence of an R.S. 2477 right-of-way, and the State of Alaska has affirmatively claimed ownership of an R.S. 2477 right-of-way over the Fortymile Station–Eagle Trail. The sole remaining parties asserting a claim adverse to Plaintiff are the Defendants. A decision by this Court favorable to the Plaintiff would certainly not be adverse to the interests of either the United States or the State of Alaska. On the other

---

[8] *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (internal citations and quotation marks omitted).

hand, a decision by this Court adverse to Plaintiff, while perhaps contrary to the interests of both governments, would not be binding on either of them.

## IV.  ORDER

Accordingly, based upon the foregoing, the Court **ORDERS** as follows::

1. The Motion for Order Clarifying the Issues Remaining on Remand at **Docket 201** is **DENIED**.

2. Plaintiff's Motion to Amend Complaint at **Docket 205** is **GRANTED.**  Plaintiff shall entitle his proposed amended complaint the "Fourth Amended Complaint" and shall file and serve the "Fourth Amended Complaint" on or before **August 8, 2014.**

**IT IS SO ORDERED** this 25th day of  July, 2014.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE