UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAREY MILLS,<br><br>      Plaintiff,<br><br>vs.<br><br>SCOTT WOOD; DOYON LIMITED; and HUNGWITCHIN CORPORATION,<br><br>      Defendants,<br><br>and<br><br>KURT KANAM,<br><br>      Defendant-in-Intervention. | Case No. 4:10-cv-00033-RRB<br><br>**ORDER REGARDING MOTION<br>FOR SUMMARY JUDGMENT<br>AT DOCKET 300** |

## I.    PENDING MOTION

At **Docket 300** Defendant Hungwitchin Corporation has moved for summary judgment. Plaintiff Carey Mills has opposed the motion[1] and Hungwitchin has replied.[2] The Court has determined that oral argument would not materially assist in resolving the issues presented;

---

[1] Docket 309.

[2] Docket 310.

ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AT DOCKET 300 – 1
*Mills v. Wood*, 4:10-cv-00033-RRB

accordingly, the matter is submitted for decision on the moving and opposing papers without oral argument.[3]

## II. STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[4] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[5] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact for trial.[6] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence

---

[3] D.Ak. LR 7.2(a).

[4] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[5] Fed. R. Civ. P. 56(e).

[6] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

that establishes the elements of the complaint.[7] Material facts are those that may affect the outcome of the case.[8] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[9] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[10] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[11] The moving party has the burden of showing there is no genuine issue of material fact; therefore, the moving party bears the burden of both production and persuasion.[12] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[13] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[14]

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[8] *Id.*

[9] *Id.*

[10] *Id.* at 255.

[11] *Id.*

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[13] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[14] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[15] Instead, it generally accepts as true statements made under oath.[16] However, this rule does not apply to conclusory statements unsupported by underlying facts,[17] nor may the court draw unreasonable inferences from the evidence.[18] "To survive summary judgment, a plaintiff must set forth non-speculative facts, not sweeping conclusory statements."[19]

### III. BACKGROUND/ISSUES PRESENTED

The background and history of this case is well known to the parties and is repeated herein only to the extent necessary to an understanding of this decision. This lawsuit concerns certain mining claims issued by the State of Alaska, ADL 611494–96 and ADL 611578–81, that directly abut and are adjacent to the Fortymile Station–Eagle Trail. Hungwitchin Corp., an Alaska Native Corporation, holds the surface estate of property under the Alaska Native Claims Settlement Act [Public Law 92-103] ("ANCSA") over which it is alleged that the Fortymile Trail traverses. Mills, the holder of unpatented federal mining claims, brought this

---

[15] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[16] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[17] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[18] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[19] *Calfasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011).

action under R.S. 2477[20] to establish his rights with respect to the Fortymile Trail to the extent it crosses Hungwitchin property. Mills contends that the Fortymile Trail constitutes a right-of-way for public use over which he has the right of ingress and egress.

This Court has made clear that Mills may assert in this lawsuit only those rights to the use of the Fortymile Trail that he has as a *private party*. Thus, Mills has the burden of establishing two elements: (1) the existence and location of the Fortymile Trail; and (2) the extent of his rights as a member of the general public to use that trail.[21]

In its motion Hungwitchin contends that at no time has it denied Mills access to his mining claim. In support of that contention, Hungwitchin submitted three affidavits setting forth the facts.

> 4. I am very familiar with the old cabin on the west side of the Taylor about ten miles south of Eagle. This is where the cut off the Taylor Highway down to Teddy's Fork, Discovery Fork and American Creek is located. After the cut-off this trail goes along Teddy's Fork following the creek in a southerly and westerly direction.
> 5. Hungwitchin Corporation has not attempted to block access to the trail described in Paragraph 3-4 above. Hungwitchin has not authorized any of its members or representatives to block access.
> 6. The corporation has not built a fence, gate, or berm which would restrict or block access to the trail described above; the corporation has not posted any notices which would limit or block access to the path alongside Teddy's Fork on the surface estate owned by Hungwitchin Corporation.[22]

A second affidavit in which it is stated that:

---

[20] 43 U.S.C. § 932 reclassified R.S. 2477 as first enacted by the Act of July 26, 1866, ch 262, § 8), 14 Stat. 251, 253 (1866) (repealed 1976).

[21] Docket 257.

[22] Affidavit of Brian Ridley, Docket 304.

> 2. During my 30-plus years in Eagle, I have never seen or heard of any accessways off the west side of the Taylor Highway in the area of American Creek, including Teddy's Fork and Discovery Creek Fork other than the cut at the old cabin located on the Discovery Creek Fork, milepost 150.7 from Tok Junction, about 9.9 miles south of Eagle.[23]

Attached to that affidavit are seven photographs depicting the three bridges between mileposts 149 and 153 of the Taylor Highway described in the affidavit as follows:

> 4. (a) Photograph 1 shows MP 149 (from Tok Junction), looking north towards Discovery Fork Bridge, the first of three bridges in the area of American Creek, Teddy's Fork and Discovery Fork between MP 149 and 153. The vehicle is mine. This photograph shows no accesses from the south side of the bridge to either the east or the west.
> (b) Photograph 2 shows a cabin on the west side of the Taylor Highway at MP 150.7; the driveway cut can be seen to the left, or the south. There are no other accesses to the west for the next few miles. Teddy's Fork is visible in the background, behind, or to the west of the cabin. Teddy's Fork merges with American Creek in the area of this cabin.
> (c) Photograph 3 shows MP 151.6, American Creek Bridge No. 1 (the middle of the three bridges). I have always understood that Scott Wood accesses his claim from the old cabin at MP 150.7 (photograph 2), and from there that his claims go west up Teddy's Fork and north along American Creek which parallels the Taylor Highway to American Creek Bridge #1. There are no cuts off the Taylor Highway to either the east or west at American Bridge No. 1 or between the old cabin and this bridge.
> (d) Photograph 4 shows the west side of the Taylor Highway from the north of American Creek Bridge No. 1. In this picture, I am showing the general terrain in this area.
> (e) Photograph 5 shows the Taylor Highway and general terrain looking north toward American Creek Bridge No. 2 (the third bridge from the South), which is located at milepost 152.2 from Tok Junction. American Creek Bridges No. 1 and 2 are about 0.6 mile apart. There are no trails, driveways, or other vehicle accesses between these two bridges.
> (f) Photograph 6 shows the terrain to the west of the Taylor Highway on the north side of American Creek Bridge No. 2. I was specifically asked to look for trails or accesses in this area. There is no sign of any trails.

---

[23] Affidavit of David Roy, Docket 302.

(g) Photograph 7 shows a typical view at American Creek Bridge No. 2, looking down from the Taylor Highway onto. the creek, which is approximately 30 feet below the highway. There is no sign of any trails and this is typical of the vegetative growth in this area.

In a third affidavit, Hungwitchin's Registered Agent states that no pre-suit demand was presented to the Hungwitchin Board of Directors.[24]

Mills does not dispute those facts. Instead, Mills argues that on September 2, 2007, he encountered a man-made berm on a road leading to his mining claim, which berm blocked his access by four-wheeler. Other than his bald assertion, Mills provides no evidence that this road, let alone that portion of the road where the berm is located, follows either wholly or in relevant part the Fortymile Trail. Nor does Mills offer any evidence that, even if it were part of the Fortymile Trail, the berm is located on Hungwitchin land. Mills further argues that on no occasion since September 2, 2007, has Hungwitchin contacted him granting him permission to access his mining claims along the Fortymile Trail.

## IV. DISCUSSION

For the purposes of ruling on the pending motion the Court assumes without deciding that the State of Alaska holds valid title to a right-of-way over the Fortymile Station–Eagle Trail. The Court further assumes that Mills enjoys the rights of a private citizen to the use of that trail.

Initially the Court notes that Mills' opposition is terse, conclusory, undeveloped, vague, and, for the most part, unsupported by any evidence. While this Court follows the general rule

---

[24] Affidavit of April Frank, Docket 303.

that grants *pro se* parties considerable leeway in pleadings and other documents filed in a case, *pro se* parties are nonetheless expected to follow the established rules of practice and procedure. Mills' opposition clearly does not meet the applicable standards for opposing summary judgment.[25]

The evidence submitted by Hungwitchin, if uncontroverted, establishes that it has not, directly or indirectly, in any way impeded Mills' access over the trail that traverses Hungwitchin property. In his opposition to the motion, Mills refers to a berm on a road that appears to block, or at least impede, vehicular traffic. As noted above, however, other than the conclusory statement that it was on part of the Fortymile Trail, Mills offers no credible evidence, admissible or inadmissible, that it is either part of the Fortymile Trail or on Hungwitchin property.[26] Mills also appears to argue that Hungwitchin had a legal duty to give him express

---

[25] As does Hungwitchin, the Court finds puzzling the purpose of Mills' Exhibit 2, a four-page Table of Contents of RS 2477 Rights-of-Way Evidence Notebooks. Mills does not, however, offer any of the contents of the Notebooks themselves. Contrary to Mills' arguments, while he has referred to the potential evidence to support his claims, e.g., the Evidence Notebooks and statements of persons identified in his Preliminary Witness List, he has *not produced* that evidence. Consequently, there is nothing before this Court to consider. Furthermore, Mills has disregarded the Court's specific instructions regarding summary judgment motions. *See* Minute Order from Chambers at Docket 307.

[26] In his opposition Mills refers to a document filed by Hungwitchin in which it joined the Doyon's reply to Mills' response to a motion to clarify the issues on remand. Docket 206 [Doyon Reply]; Docket 207 [Hungwitchin Joinder]. Mills quotes from that document. However, the quoted language *does not* appear in *either* the document to which it is attributed, or Doyon's reply. That language does, however, appear in Hungwitchin's joinder in the motion itself filed at Docket 202. Mills is cautioned that reference to matters in the record that incorrectly identify the docket number increases the burden on the Court, and creates a serious risk that the Court will overlook the material to which reference is made.

permission to traverse that part of the Fortymile Trail that lies on Hungwitchin land, and its failure to do so somehow violated his rights. Missing from Mills' argument is that he requested permission, which permission was denied. Furthermore, Mills' argument turns the law on its head. Mills cites no authority for the proposition that under Alaska law a landowner has an affirmative duty to grant permission to traverse its property; particularly in light of a lack of any request for that permission.[27] Nor has the independent research by the Court revealed any such authority.[28] In short, while it is clear that Hungwitchin has consistently denied the existence of an R.S. 2477 right-of-way over the Fortymile Trail, Mills has failed to establish by any competent evidence that Hungwitchin has *actually interfered* with his rights as a member of the general public to use the Fortymile Trail.

But that does not necessarily end this action insofar as it involves Hungwitchin. While it clearly removes any claim for damages, it does not resolve the question of the existence or the location of the Fortymile Trail. It does not appear from the pleadings and documents on file herein that Hungwitchin concedes either the existence or location of the Fortymile Trail. Consequently, to that extent the controversy between Mills and Hungwitchin remains.

---

[27] Moreover, the entire thrust of Mills' lawsuit is that he does not need "permission" to use the Fortymile Trail. Mills action stands and falls on his right as a member of the general public, if any, to use the Fortymile Trail irrespective of whether or not he has the express permission of the landowner over which the trail traverses.

[28] Indeed, the Alaska Supreme Court has at least inferentially held to the contrary. *See McDowell v. State*, 957 P.2d 965, 968 & n.6 (Alaska 1998).

Adjudication of a particular fact, in the context of Federal Rule of Civil Procedure 56, is addressed by Rule 56(d). Rule 56(d) permits the court to find particular facts uncontroverted in connection with a motion brought under Rule 56 where "judgment is not rendered upon whole case or for all the relief asked." The procedure in subdivision (d) is designed to be ancillary to a motion for summary judgment; it does not authorize the entry of judgment on part of a claim or the granting of partial relief.[29] In this case, while it is clear that Mills cannot prevail on the issue of damages, it is likewise as clear that the question concerning the existence and location of the R.S. 2477 Fortymile Station – Eagle Trail, as well as any rights Mills may have with respect to thereto, remains unresolved.

## V. ORDER

Accordingly, Defendant Hungwitchin Corporation's Motion for Summary Judgment as to Plaintiff's Claims against Hungwitchin Corporation at **Docket 300** is hereby **GRANTED IN PART.** The Court finds as a matter of law on the evidence presented, that Hungwitchin Corporation has not denied Plaintiff Carey Mills access to his mining claims utilizing any existing trail located on Hungwitchin Corporation property, irrespective of whether or not that trail constitutes a public trail under R.S. 2477. Accordingly, Plaintiff Carey Mills is not entitled to recover compensable damages in any amount, or any relief at all, from Hungwitchin Corporation to the extent it may be based upon an alleged denial of access across

---

[29] *See generally* 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ., § 2737 (3d ed.).

Hungwitchin's surface estate. Upon entry of final judgment herein, judgment will be entered accordingly in favor of Defendant Hungwitchin Corporation as against Plaintiff Carey Mills.

To the extent the Fourth Amended Complaint on file herein seeks to establish the existence and location of the R.S. 2477 Fortymile Station – Eagle Trail, and the rights of Plaintiff Carey Mills thereunder, Defendant Hungwitchin Corporation's Motion for Summary Judgment as to Plaintiff's Claims against Hungwitchin Corporation at **Docket 300** is hereby **DENIED**.

**IT IS SO ORDERED** this 6th day of May, 2015.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE