UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAREY MILLS,<br><br>    Plaintiff<br><br>vs.<br><br>SCOTT WOOD; DOYON LIMITED;<br>and HUNGWITCHIN CORPORATION,<br><br>    Defendants,<br><br>and<br><br>KURT KANAM,<br><br>    Defendant in Intervention | Case No. 4:10-cv-00033-RRB<br><br>**<u>ORDER RE: MOTION FOR<br>SUMMARY JUDGMENT AT<br>DOCKET 332</u>** |

**I.   PENDING MOTION**

At **Docket 332** Defendants Kurt Kanam and Scott Wood, appearing *pro se*, filed a Motion for Partial Summary Judgment. Plaintiff Carey Woods, also appearing *pro se*, has opposed the motion,[1] and Defendants have replied.[2]

The Court having determined that oral argument would not materially assist in resolving the issues presented, the matter is submitted for decision on the moving and opposing papers without oral argument.[3]

---

[1] Docket 378.

[2] Docket 379.

[3] D.Ak. LR 7.2(a)(3).

## II. STANDARD

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[4] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[5] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact for trial.[6] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[7] Material facts are those that may affect the outcome of the case.[8] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return

---

[4] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[5] Fed. R. Civ. P. 56(e).

[6] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[8] *Id.*

a verdict for the non-moving party.⁹ "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."¹⁰ The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.¹¹ The moving party has the burden of showing there is no genuine issue of material fact; therefore, he or she bears the burden of both production and persuasion.¹² The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.¹³ There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.¹⁴

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.¹⁵ Instead, it generally accepts as true statements made under oath.¹⁶ However, this rule does not apply to conclusory statements

---

⁹ *Id*.

¹⁰ *Id*. at 255.

¹¹ *Id*.

¹² *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

¹³ *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

¹⁴ *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

¹⁵ *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

¹⁶ *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see Williams v. Calderon,*
(continued...)

unsupported by underlying facts,[17] nor may the court draw unreasonable inferences from the evidence.[18] "To survive summary judgment, a plaintiff must set forth non-speculative facts, not sweeping conclusory statements."[19]

## III. ISSUES PRESENTED

In his Complaint Mills alleges that Wood and Kanam have denied him access along the Fortymile Station–Eagle Trail (RST 1594) (hereinafter "Fortymile Trail"). In their motion Wood and Kanam request relief in the alternative: (1) the claims against them be dismissed because neither of them have explicitly denied Mills access; or (2) alternatively, Mills submit a physical evaluation demonstrating his ability to physically traverse the Fortymile Trail to the extent it crosses the mining claim currently held by Kanam.

## IV. DISCUSSION

As the Court has made clear in prior orders the issue before it is whether or not the Defendants have unlawfully impeded Mills right of access of the Fortymile Trail as a

---

[16](...continued)
48 F. Supp.2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom. Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004).

[17] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[18] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[19] *Calfasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011).

member of the general public, a question upon which Mills bears the burden of proof.[20]  In their affidavits Wood and Kanam have denied that they denied Mills access along the "telegraph wire trail."[21] The Court assumes in the absence of any apparent controversy over the question, that the "telegraph wire trail" is the Fortymile Trail.

Initially the Court addresses the second issue raised by Wood and Kanam: Mills' capability to physically traverse the Fortymile Trail. Whether or not Mills personally has the physical capability to traverse the Fortymile Trail is irrelevant. The access Mills seeks is access along the route of the Fortymile Trail to his mining claims. That right of access, to the extent it may exist, extends not only to Mills personally, but to his agents, employees and assigns as well. Thus, the Court rejects Defendants' argument on that issue.

Second, the Court again declines to address what appears to be a continued attempt by Mills to challenge the validity of the Wood/Kanam mining claims.[22] That issue is not properly before the Court.

In his affidavit Wood refers to the area traversed by the "telegraph wire trail" as being "overgrown bush" and "through some of the most impassable vegetation possible."

In his opposition to the motion Mills refers to several instances in which he contends that Wood denied him access. Mills refers to incidents in October 2009 where Wood complained to the BLM regarding road work being conducted and an ensuing inspection

---

[20] *See, e.g.,* Orders at Dockets 257, 311, 333, 346.  The Court has also assumed for the purpose of this litigation that a valid RS 2477 right-of-way exists over the Fortymile Trail.

[21] Wood Affidavit, Docket 339; Kanam Affidavit, Docket 340.

[22] Plaintiff's Opposition, Docket 378, pp. 10–11 entitled "(5. Other Issues)."

by the BLM.[23] These actions by Wood, standing alone, do not constitute denial of access. With respect to his direct contacts with Wood, Mills refers to four occasions. On the first, July 7, 2007, Wood granted Mills permission to cross Wood's mining claim.[24] On September 4 and 5, 2007, Wood denied Mills permission to cross Wood's mining claims.[25] Finally, Mills refers to a meeting "arranged for June 15, 2010 for the purpose of resolving the alleged trespass/access dispute filed by Scott Wood."[26] Mills further alleges that on June 15, 2010, he was denied access by Wood and Larry Jackson of the BLM "until the 'access issue' was settled through the legal system."[27] The balance of Mills' Affidavit refers to an entrance ramp Mills constructed at the beginning of the Fortymile Trail where it intersects with the Taylor Highway in September 2009. The relevance of this to Mills' claims against Wood/Kanam is also a mystery. Mills also points to the Wood/Kanam counterclaim for damages resulting from Mills' activities as evidence of Defendants' refusal to allow him access.

Initially, the Court notes that the incidents that allegedly occurred in 2007 pre-date the October 2009 allegations in the Fourth Amended Complaint that form the basis for

---

[23] Plaintiff's Opposition Exhibits 12 [Docket 378-2, p. 3]; 13 [Docket 378-2, p. 4]; and 14 [Docket 378-2, pp. 5–9].

[24] Mills Affidavit, Docket 378-3, ¶ 4.

[25] *Id.*, ¶¶ 5–7.

[26] *Id.*, ¶ 10.

[27] *Id.*, ¶¶ 14, 15.

Mills' action against Wood.[28]  Accordingly, as the Court has previously noted, they are irrelevant to the issues before the Court.[29]  The alleged denial that occurred on June 15, 2010, presents a different picture.  The evidence before the Court, if accepted as true as the Court must in ruling on the motion, only shows that on that date alone Wood denied Mills access along the Fortymile Trail.  Thus, as presented by the motion, Defendants Wood and Kanam have not established that they are entitled to relief as a matter of law.

What neither the motion nor the opposition provide is *evidence*, as opposed to argument, with respect to the nature and extent of the access Mills has requested across the claim at issue that was refused.  The record in this case does indicate that Mills grossly misperceives the extent of his rights as member of the general public to the use of a R.S. 2477 right-of-way.  Mills has the rights as a member of the general public to access the Fortymile Trail.  Absent the consent or approval of the property owners he does *not* have the right to build a road on the trail or to improve it beyond its traditional use.[30]  It appears

---

[28] Fourth Amended Complaint, Docket 219, ¶¶ 69–72.

[29] Docket 316.

[30] *See Lyon v. Gila River Indian Cmty*, 626 F.3d 1059, 1077 (9th Cir. 2010) ("Revised Statute 2477 did not *create* R.S. 2477 roads; rather it *authorized* the states to construct highways over public lands.") (emphasis in the original)).  Although the Alaska Supreme Court has not expressly held that an R.S. 2477 right-of-way was so limited, it has indicated that use by the general public is limited to historical usage.  *See Fitzgerald v. Puddicome*, 918 P.2d 1017 (Alaska 1996) (remanding for determination of the extent of the historic R.S. 2477 right-of-way); *cf. Price v. Eastham*, 75 P.3d 1051, 1056–58 (Alaska 2003) (after rejecting the R.S. 2477 holding on procedural grounds, remanding for a determination of the precise scope of prescriptive easement rights). The Court has expressly noted that under the decision of the Ninth Circuit remanding this case "Plaintiff *may* assert his *individual rights* to the use of the Fortymile Station–Eagle Trail to the extent it crosses the Defendants' surface estates." Docket 218, p. 4 (emphasis in the original).

that is what Mills seeks.[31]  For that reason it appears far more appropriate for Mills to be negotiating with the property owners rather than engaging in perpetual litigation.

V.   **ORDER**

Accordingly, Defendants Wood and Kanam's Motion for Partial Summary Judgment at **Docket 332** is **DENIED**.

**IT IS SO ORDERED** this 17th day of February, 2016.

s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[31] In particular, the Court refers to Exhibit 14 attached to Plaintiff's opposition, which shows a significant disturbance of the surface estate to Wood's claim.  Docket 378-2, pp. 5–9.  Mills presented this document as part of his evidence that he incurred damages as a result of Wood's interference with his claimed right of ingress and egress as a member of the general public.  Docket 378, p. 8, ¶ (3).  This exhibit is also indicative that Wood did not deny Mills access to the extent he was entitled as member of the general public, but denied Mills permission to build a road across Wood's surface estate.