UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CAREY MILLS,<br><br>    Plaintiff<br><br>vs.<br><br>SCOTT WOOD; DOYON LIMITED;<br>and HUNGWITCHIN CORPORATION;<br><br>    Defendants.<br><br>and<br><br>KURT KANAM,<br><br>    Defendant in Intervention. | Case No. 4:10-cv-00033-RRB<br><br>**ORDER DENYING MOTION FOR<br>SUMMARY JUDGMENT AT DOCKET 420**<br>**and**<br>**CROSS-MOTION FOR<br>SUMMARY JUDGMENT AT DOCKET 443** |

**I.    PENDING MOTIONS**

Pending before the Court at **Docket 420** is the Second Motion for Summary Judgment filed by Defendant Doyon Limited, in which Defendant Hungwitchin Corporation and Defendants Scott Wood and Kurt Kanam have joined.[1] Also pending at **Docket 443** is the Cross-Motion for Summary Judgment filed by Plaintiff Carey Mills.

////

////

////

////

---

[1] Dockets 425, 429.

Mills has opposed Doyon's Motion,[2] and Doyon has replied.[3] Doyon has opposed Mills' Cross-Motion in which Hungwitchin Corporation has joined,[4] and Mills has replied.[5] Defendants Scott Wood and Kurt Kanam have replied to Mills' opposition and opposed Mills' Cross-Motion.[6]

The Court having determined that oral argument would not materially assist in resolving the issues presented, the matters are submitted for decision on the moving and opposing papers without oral argument.[7]

## II. STANDARD

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[8] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[9] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine

---

[2] Docket 442.

[3] Docket 452.

[4] Dockets 452, 454.

[5] Docket 459.

[6] Docket 455.

[7] D.Ak. LR 7.2(a)(3).

[8] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[9] Fed. R. Civ. P. 56(e).

issue of material fact for trial.[10] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[11] Material facts are those that may affect the outcome of the case.[12] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[13] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[14] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[15] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he or she bears the burden of both production and persuasion.[16] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to

---

[10] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[12] *Id.*

[13] *Id.*

[14] *Id.* at 255.

[15] *Id.*

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

the Court that there is an absence of evidence to support the non-moving party's case.[17] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[18]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[19] Instead, it generally accepts as true statements made under oath.[20] However, this rule does not apply to conclusory statements unsupported by underlying facts,[21] nor may the court draw unreasonable inferences from the evidence.[22] "To survive summary judgment, a plaintiff must set forth non-speculative facts, not sweeping conclusory statements."[23]

////

////

////

////

---

[17] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[18] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[19] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[20] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see Williams v. Calderon*, 48 F. Supp.2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom. Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004).

[21] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[22] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[23] *Calfasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir. 2011).

## III. ISSUE PRESENTED

Both the Motion and Cross-Motion present the same central issue: The extent, if any, of the rights of Mills to use the R.S. 2477 right-of-way along the Fortymile Station–Eagle Trail (RST 1594) to the extent it crosses Defendants' surface estates.[24]

## IV. STATUS OF THE CASE

This Court has already held as a matter of law that: (1) the rights of Mills to the use of the Fortymile Trail are those rights that are vested in the public at large; (2) those rights are established as of the date the State of Alaska accepted title to the Fortymile Trail (August 3, 1998); and (3) because Doyon has not impeded Mills access along the Fortymile Trail to the extent it crosses Doyon land, Mills is not entitled to recover any damages from Doyon.[25] The Court declined to reconsider that Order.[26] The Court has also held that as a matter of law Mills is not entitled to recover any damages from Hungwitchin.[27] **The Court is not inclined to revisit those issues**.

Accordingly, with respect to Doyon and Hungwitchin the sole remaining issue is the extent of the right, if any, of Mills to traverse along the route of the Fortymile Trail to the

---

[24] In his Fourth Amended Complaint Mills alleges that the Fortymile Trail is part of the Washington – Alaska Military and Telegraph System (WAMCATS). Docket 291, ¶ 21, p. 4-5.

[25] Docket 333; *see* Order at Docket 395, at 3-4 ("The Court has further made clear that Mills has the burden of establishing: "(1) the existence *and* location of the Fortymile Station–Eagle Trail; (2) the extent of his rights, as a member of the general public, to the use of that trail; (3) that both his actual and proposed uses fall within the scope of his rights; and (4) the damages he may have suffered, if any, as a result of being denied access." (citing Orders at Dockets 257, 333)).

[26] Docket 346.

[27] Docket 311.

extent it is located on the surface estates held by Doyon and Hungwitchin. With respect to Wood and Kanam, in addition to the extent of the right to traverse along the route of the Fortymile Trail over their claims, still remaining before the Court are: (1) relief, if any, to be granted Mills if Wood and Kanam impeded Mills' right to traverse the Fortymile Trail; and/or (2) the damages, if any, to be awarded Wood and Kanam on their counterclaim to the extent that Mills trespassed on the surface estate of the Wood mining claim, either because Mills had no right or that the extent of Mills' activities exceeded his rights.

It is within this purview that the Court addresses the pending motions.

## V. MOTION AT DOCKET 420

The statute at issue in this case provides that: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."[28] The Defendants' position is predicated upon the argument that the route Mills seeks to establish as constituting a R.S. 2477 right-of-way was not across public lands at the time public use began, 1904. The heart of Defendants' argument is that for Mills to prevail the route in question must have been in use before the surrounding land lost its public character.[29] Thus, Defendants contend that R.S. 2477 did not create a right-of-way along the Fortymile Trail because it was not public land when the route was established.

The crucial language of § 932 applicable to this case is the phrase "public lands." "Such lands are those subject to sale or other disposal under general laws, excluding those

---

[28] 43 U.S.C. § 932 (repealed). Although this section was repealed October 21, 1976, by Pub. L. No. 94-579, all rights-of-way existing on that date were expressly preserved. 43 U.S.C. § 1769.

[29] *Adams v. United States*, 3 F.3d 1254, 1258 (9th Cir. 1993) (citing *Humboldt County v. United States*, 684 F.2d 1276, 1281 (9th Cir. 1983)).

to which any claims or rights of others have attached."[30] Thus, unless the land surrounding the Fortymile Trail was "public" land when it was established, i.e., land to which the claims or rights of others have not attached, the State could not have acquired any rights in it under § 932.[31]

The thrust of Defendants' argument is that the Fortymile Trail was not part of the public domain prior to the construction of WAMCATS in 1904.[32] According to Defendants between 1895 and 1899 the lands along Teddy's Fork were claimed and staked by miners, which claims were recorded in the Alaska Recorders Office. Defendants contend that since those claims were staked, the chain of title is unbroken and they have been continuously worked or held since location.[33]

---

[30] *Humboldt County*, 684 F.2d at 1281 (citing *Columbia Basin Land Protection Ass'n v. Schlesinger*, 643 F.2d 585, 602 (9th Cir. 1981).

[31] *Id*. The Courts notes that much of Mills' legal argument is based upon decisions of the Alaska Supreme Court. While this Court is bound by decisions of the Alaska Supreme Court on questions of state law, *Int'l Bus. Mach. Corp. v. Bajorek*, 191 F.3d 1033, 1036–37 (9th Cir. 1999), with respect to issues of federal law this Court is bound by decisions of the Ninth Circuit and the Supreme Court, *see Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, to the extent decisions of the Alaska Supreme Court are contrary to controlling federal law, they have no precedential value, persuasive or controlling.

[32] Although the documents to which the Court refers in this decision were filed on behalf of Doyon, because the other Defendants have joined in the motion, in this decision the Court assumes that the arguments advanced by Doyon are adopted by the other Defendants.

[33] In support of that position Defendants rely on the Declaration of Charlie Parr as establishing the facts. In his opposition Mills attacks the credentials of Mr. Parr as an expert on the validity of "mining claims," but does not counter the facts stated. Docket 442, pp. 25–28. The Court accepts Mr. Parr's declaration to the extent that it sets forth facts. Any conclusions to be drawn from those facts is strictly within the province of the Court. Moreover, as the Court has made clear in prior orders, the validity of any mining claim is
(continued...)

In his opposition Mills refers to several scholarly articles that indicate the existence of a trail somewhere in the general vicinity of the Fortymile Trail without any specific information as to the location of those trails. What Mills overlooks is the undisputed fact that the Fortymile Station–Eagle Trail (RST 1594) accepted by the State follows the old WAMCATS line, construction of which was indisputably commenced no earlier than 1903. There is *no evidence* before Court that the WAMCATS line followed any, or even part, of any earlier trail. The undisputed evidence before the Court conclusively establishes that from sometime in the 1890's through date at least some portion of the Fortymile Trail passed through or over land that was part of a patented or unpatented mining claim. Thus, the sole question before the Court is whether the claims staked prior to 1903 removed the land across which the WAMCATS line crossed from the public domain so as to preclude the establishment of a R.S. 2477 right-of-way.

It is undisputed that the mining claims at issue in this case are unpatented. Defendants argue that under the Mining Law of 1872, locators of unpatented mining claims have "the exclusive right of possession and enjoyment of all surface included within the lines of their locations."[34] Defendants further argue that the Supreme Court has held that under the 1872 law "[w]here there is a valid location of a mining claim, the area becomes

---

[33](...continued)
not properly before the Court is this action. Unless and until the claims that may be at issue or pertinent to the issues before the Court are otherwise determined to be invalid, the Court will treat such claims as being valid.

[34] 30 U.S.C. § 26.

segregated from the public domain and the property of the locator."[35] However, as the United States Claims Court has noted: "Rights on unpatented mining claims are limited to possession, and title remains in the United States. The basic right of a holder of a valid unpatented mining claim is an exclusive right of possession for mining purposes only."[36] "Until a patent issues, the United States, as a fee owner, retains paramount rights and interests in the Federal lands under the claim, and retains the authority to regulate the uses of those lands."[37] The Ninth Circuit has held that the holder of an unpatented mining claim may not interfere with "public use of the surface of the claims for hunting, hiking, camping, and recreational activities 'so long as there is no interference with ongoing mining operations.'"[38] Therefore, there was nothing precluding the establishment of a R.S. 2477 right-of-way along the Fortymile Station–Eagle Trail (RST 1594).

For the foregoing reasons the Defendants' motions fail and will be denied.

## VI. DISCUSSION – MOTION AT DOCKET 443

Although not entirely clear from Mills' motion, it appears that he is arguing that he is entitled to judgment as a matter of law on Count One of his Fourth Amended Complaint, i.e., that the property interests claimed by the Defendants are subject to the valid existing rights of the non-exclusive rights-of-way known as the Fortymile Station-Eagle Trail (RST

---

[35] Citing *St. Louis Mining Co. v. Montana Mining Co.*, 171 U.S. 650, 655 (1898).

[36] *Skaw v. United States*, 13 Cl. Ct. 7, 28 (1987) (citing *Cameron v. United States*, 252 U.S. 450, 460 (1920)).

[37] *Id.* (citing *Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 336 (1963)).

[38] *United States v. Richardson*, 599 F.2d 290, 293 (9th Cir. 1979) (citing and quoting with approval *United States v. Curtis-Nevada Mines, Inc.*, 415 F. Supp. 1373 (E.D. Cal. 1976)).

1594) held by the State of Alaska and that Mills be awarded damages. More specifically, Mills contends that the location of the Fortymile Trail is established by a surveyor employed by the U.S. Government and that Alaska law allows him to transport heavy equipment across the R.S. 2477 right-of-way. Mills further argues he is entitled to damages for denying him access along the trial.[39]

The Court's review of the cross-motion reveals that Mills has not raised any issue that has not been previously addressed by the Court. Nothing in that voluminous document persuades the Court to revisit and revise its earlier Orders.[40] For the purposes of the dispute before it the Court assumes there is a valid R.S. 2477 right-of-way along the Fortymile Station–Eagle Trail (RST 1594). In so doing the Court, as it has previously noted, is aware of the fact that whether selection of the surface estates by Doyon and Hungwitchin under ANSCA prior to acceptance of the Fortymile Trail by the State withdrew the land from the public domain extinguished the State's rights under R.S. 2477 is not only unresolved, but in the absence of the State, cannot be resolved by this Court in this proceeding.[41] This right-of-way is, however, limited to ingress and egress along the trail and

---

[39] As noted above, the Court has previously held that Mills is not entitled to damages as against Doyon and Hungwitchin and declines to revisit that issue.

[40] The Court notes with displeasure that in his cross-motion for the most part, if not all, Mills continues to attempt to revisit matters that the Court has previously determined adversely to him. *See*, e.g., Order at Docket 346 denying reconsideration of the Order Denying Motion at Docket 335; Order at Docket 354 denying reconsideration of the Order Denying Motion at Docket 350.

[41] *See* Tentative Order Regarding Pending Motions, Docket 126, p. 38, as adopted by Final Order Re Pending Motions, Docket 141; *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1078 (9th Cir. 2010) (holding under the facts in that case that Arizona failed to show that roads crossing an Indian reservation were established as public highways
(continued...)

does not permit, without the consent of the State of Alaska, upgrades as Mills contends or the construction of a road over the right-of-way.[42] Therefore, Mills' cross-motion will also be denied.

In summary the Court concludes that for the purposes of the dispute before it there is a valid R.S. 2477 right-of-way along the Fortymile Station–Eagle Trail (RST 1594), but understands that where this trail runs is in dispute. If the parties can reach an agreement and stipulate as to this issue it would be helpful.

Mills' biggest obstacle, after establishing the location of the trail, is to show that he was prevented from using the right-of-way as a private citizen. As noted above, as a matter of law the right to construct improvements in that right-of-way is vested in the State, not Mills, a member of the general public.

To reiterate, the Court has been unable to find any authority that Mills, a private citizen, can construct a roadway over property owned by others or use a R.S. 2477 right-of-way beyond its historical use. Hence, even if Mills were able to establish exactly where the

---

[41](...continued)
before the land was withdrawn from the public domain).

[42] *See Lyon*, 626 F.3d at 1077 ("Federal Revised Statute 2477 did not itself create R.S. 2477 roads, rather it *authorized* the states to construct highways over state land." (emphasis in the original)). Although the Alaska Supreme Court has not expressly held that a R.S. 2477 right-of-way was so limited, it has indicated that use by the general public is limited to historical usage. *See Fitzgerald v. Puddicome*, 918 P.2d 1017 (Alaska 1996) (remanding for determination of the extent of the historic R.S. 2477 right-of-way); *cf. Price v. Eastham*, 75 P.3d 1051, 1056–58 (Alaska 2003) (after rejecting the R.S. 2477 holding on procedural grounds, remanding for a determination of the precise scope of prescriptive easement rights). This Court has expressly noted that under the decision of the Ninth Circuit remanding this case "Plaintiff *may* assert his *individual rights* to the use of the Fortymile Station–Eagle Trail to the extent it crosses the Defendants' surface estates." Docket 218, p. 4 (emphasis in the original).

right-of-way runs, and show that his use of the right-of-way was impeded by one of the parties hereto, it is unclear what more he can reasonably expect from this litigation. If a road is to be constructed over the right-of-way, it must be done by the State of Alaska and the State has not indicated a current desire to do so.

In order to prevail on their claims against Mills, Wood and Kanam must prove that Mills somehow interfered with their ability to mine their unpatented claims and the damages this caused.

In short, rather than endless litigation, given the uncertainties involved, the parties would be well advised to resolve this dispute amicably.

## VII. ORDER

Doyon's Second Motion for Summary Judgment at **Docket 420** is **DENIED**.

Plaintiff's Cross-Motion for Summary Judgment at **Docket 443** is **DENIED**.

For the purposes of this lawsuit this matter will proceed to trial as follows:

1. The Court assumes that the State of Alaska has a valid easement along the route of the Fortymile Station–Eagle Trail (RST 1594).[43]

2. Mills has the burden of establishing the physical location of the Fortymile Station–Eagle Trail (RST 1594) on the Defendants' surface estates.

---

[43] As noted above, the State of Alaska expressly claims a valid easement and the validity the State's claim is not properly before the Court. For the purpose of this lawsuit, in the absence of other competent evidence, the route of that trail is as accepted by the State.

3. Mills **has** the rights of a member of the general public, i.e., the right of ingress and egress, to traverse the entire route of the Fortymile Station–Eagle Trail (RST 1594) as that trail existed on the date it was accepted by the State of Alaska, August 3, 1998.

4. Mills **has** the right of access across the unpatented mining claims for hunting, hiking, camping, and recreational activities so long as there is no interference with ongoing mining operations.

5. Mills **does not have** the rights vested in the State of Alaska to make improvements upon Fortymile Station–Eagle Trail (RST 1594). Specifically, absent the consent of the holder of the surface estate, Mills **does not have** the right to build a road or to improve the trail beyond its traditional use on the date it was accepted by the State.

6. Mills is entitled to recover damages from Defendants Wood and Kanam to the extent that each has unlawfully denied him access across their claims.

7. Wood and/or Kanam **may be** entitled to recover from Mills damages on the cross-claim to the extent that Mills' road-building or other activities on the surface estate of the unpatented mining claims exceeded Mills' rights of ingress and egress. It is more likely, however, that the right to recover any property damage rests with the State of Alaska, the holder of the underlying fee estate.

**IT IS SO ORDERED** this 17th day of November, 2016.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE